UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cv-00626-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| $204,700.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |
| LISA HENRY, | |
| Claimant. | |

I.   **SUMMARY**

On June 7, 2021, the Court issued an order denying Plaintiff United States of America's motion to conditionally strike the judicial claim of Claimant Lisa Henry. (ECF No. 27 ("Order" or "June 7 Order").) The Court found that Claimant should be afforded an opportunity to cure the defects of her responses to Plaintiff's special interrogatories but warned that Claimant's failure to do so would result in the Court striking her judicial claim. (*Id.*) Thereafter, Claimant filed a motion for certification to interlocutory appeal the Court's Order under 28 U.S.C. § 1292(b), which includes a request to stay proceedings pending appeal. (ECF No. 28 ("Certification Motion").) Plaintiff now moves again to strike Claimant's judicial claim for failure to comply with Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") G(6). (ECF No. 32 ("Strike Motion").) Recently, Claimant has also filed a motion for a pretrial conference to expedite the disposition of this action under Local Rule 16-2. (ECF No. 35.)

Because the Court finds that certification to interlocutory appeal is unwarranted and, as further explained below, the Court will deny Claimant's Certification Motion, and

1    will deny her motion for a pretrial conference as moot. Additionally, given the posturing

2    of this case and consideration of a similar case[1] before the Court, Plaintiff's Strike

3    Motion is denied. The Court will provide Claimant with one final opportunity to respond

4    to Plaintiff's special interrogatories within 15 days of this order.

5    **II.    BACKGROUND**

6        The Court incorporates by reference the recitation of the factual background

7    provided in its June 7 Order. (ECF No. 27 at 2.) Relevant to this order, in the Order, the

8    Court denied without prejudice Plaintiff's motion to conditionally strike Claimant's judicial

9    claim. (*Id.*) The Court noted that United States Magistrate Judge William G. Cobb had

10   granted Plaintiff's previous motion to compel Claimant to provide full and complete

11   responses, and the Court observed that Claimant's responses were "inadequate

12   regarding Claimant's identity and her relationship to the defendant property." (*Id.* at 3-4.)

13   However, the Court was "not satisfied that an opportunity should not be afforded to

14   Claimant to cure the defects of her responses." (*Id.* at 4 (citing Advisory Comm. Notes

15   to Rule G(8).) The Court warned Claimant that failure to respond to the special

16   interrogatories would result in the Court striking her judicial claim. (*Id.*)

17       Two weeks following the June 7 Order, Claimant filed her Certification Motion,

18   which included a request for a stay of the proceedings. (ECF No. 28.) To date, the

19   record does not indicate that Claimant filed updated responses to Plaintiff's special

20   interrogatories. Moreover, Plaintiff's counsel provided a declaration stating that the

21   parties engaged in a telephonic meet-and-confer on June 21, 2021, where "Claimant

22   was declining to further supplement her special-interrogatory responses" and where

23   Claimant stated that she did not "need additional time to supplement her special-

24   interrogatory responses." (ECF No. 32-1 at 5.)

25   ///

26   ///

27   _____

28       [1]The Court takes judicial notice of a similar asset forfeiture action also before the
     Court that is brought by Claimant's counsel. *See United States v. 1,106,775.00 in U.S.
     Currency*, Case No. 3:20-cv-00158-MMD-CSD, ECF No. 72 (D. Nev. Feb. 7, 2022).

1    **III.    DISCUSSION**

2          The Court will first address Claimant's Certification Motion. Because the Court

3    finds certification for interlocutory appeal and a stay are not warranted, the Court need

4    not address the motion for a pretrial conference to expedite the disposition of this action

5    under LR 16-2, and will therefore deny it as moot. The Court will then address Plaintiff's

6    Strike Motion, find that Claimant should be afforded one last opportunity to file

7    responses to Plaintiff's special interrogatories, and will then deny the Strike Motion.

8          **A.    Certification Motion[2]**

9          Claimant argues the Court's finding that Claimant lacked standing is "obvious,

10   manifest error." (ECF No. 28 at 2.) Specifically, Claimant argues that (1) the ruling that

11   she lacks standing is a controlling question of law, (2) her appeal may materially

12   advance the ultimate termination of the litigation, and (3) there is more than a

13   substantial ground for difference of opinion as to whether she lacks standing. (*Id.* at 5-

14   9.)[3] Plaintiff counters that Claimant has misidentified the controlling legal issue in the

15   Court's Order and that the Order does not qualify for interlocutory appeal under 28

16   U.S.C. § 1292(b). (ECF No. 30 at 5-14.) The Court agrees with Plaintiff.

17         Ordinarily, interlocutory orders, such as orders relating to discovery, are not

18   immediately appealable. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6

19   (9th Cir. 2002). However, a federal district court may certify any interlocutory order for

20   appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as

21   to which there is substantial ground for difference of opinion;" and (3) "that an

22   immediate appeal of the order may materially advance the ultimate termination of the

23   litigation." 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal bears the

24   burden of showing that all three requirements under § 1292(b) have been met, and the

25   district court is required to "expressly find in writing that all three § 1292(b) requirements

26         ----

         [2]Plaintiff filed a response and Claimant filed a reply. (ECF Nos. 30, 31.)

27         [3]Additionally, Claimant requests a stay of the proceedings pending appellate
28   review. (ECF No. 28 at 9-10.) Because the Court finds a certificate of interlocutory
     appeal is unwarranted and will deny Claimant's Certification Motion, the Court also
     denies the request to stay the proceedings.

1    are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, §

2    1292(b) should be used only in exceptional situations where allowing an interlocutory

3    appeal would avoid protracted and expensive litigation. *See In re Cement Antitrust*

4    *Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

5           In their Certification Motion, Claimant asserts that the Court's ruling that she

6    lacks standing is a controlling question of law, and that "a successful interlocutory

7    appeal on the standing issue will undoubtedly impact the course of the litigation." (ECF

8    No. 28 at 5-7 (brackets and quotes omitted).) However, the Court has not ruled on the

9    issue of Claimant's standing, and therefore finds this argument lacks merit.

10          As the Court previously noted in the similar forfeiture action pending before the

11   Court, a claimant must establish both statutory and Article III standing in order to

12   challenge an *in rem* civil forfeiture action. *See United States v. 1,106,775.00 in U.S.*

13   *Currency*, Case No. 3:20-cv-00158-MMD-WGC, 2020 WL 6930103, at *1, n.1 (D. Nev.

14   Nov. 23, 2020) (citing *United States v. 6107 Hogg Rd.*, Case No. 1:11-cv-00300-CWD,

15   2017 WL 1013868, *4 (D. Idaho Mar. 14, 2017)). In the June 7 Order, the Court stated

16   that Judge Cobb had "addressed Claimant's standing argument." (ECF No. 27 at 3.)

17   The Court was referencing Judge Cobb's order where Claimant had raised her standing

18   argument. (*Id.*) In that order, Judge Cobb—reading into the record this Court's order in

19   *1,106,775.00 in U.S. Currency*—found the analogy and the issues raised in that case

20   and this case to be similar and granted Plaintiff's motion to compel. (ECF No. 26 at 2-3.)

21   Judge Cobb relied on this Court's reasoning that a claimant is required to respond

22   adequately to the special interrogatories because the "truth-seeking function" of Supp.

23   R. G(6) is premised on gathering information on a claimant's identity and relationship to

24   the defendant property to determine standing. (*Id.* at 2.) Despite Claimant's position that

25   the Court has ruled that they lack standing, the Court simply has not done so.

26          Moreover, the Court finds that certification of interlocutory appeal of the Court's

27   Order will not "materially advance the ultimate termination of the litigation." 28 U.S.C. §

28   1292(b). As both parties observed (ECF Nos. 28 at 7, 30 at 12), the third requirement

4

1   under § 1292(b) is closely tied with the first requirement, which addresses whether the

2   Order involves a controlling question of law. As stated above, the Court finds there is no

3   controlling question of law that presently warrants certification; consequently, an

4   interlocutory appeal would not materially advance the termination of this case. As such,

5   the Court need not reach the merits of the second requirement as all three requirements

6   must be met. *See Couch,* 611 F.3d at 633. Claimant therefore fails to satisfy her burden

7   under § 1292(b), and the Court has additionally determined that this is not an

8   exceptional situation where "an interlocutory appeal would avoid protracted and

9   expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Court therefore

10  denies Claimant's Certification Motion.

11          **B.    Strike Motion[4]**

12          Plaintiff argues the Court should strike Claimant's judicial claim for failing to

13  comply with Supp. R. G(6) because Claimant has (1) been compelled to fully and

14  completely respond to the special interrogatories, (2) failed to do so, (3) been afforded

15  opportunities to cure the deficiencies, and (4) continued to not comply with Supp. R.

16  G(6). (ECF No. 32.) Claimant counters again that she has Article III and statutory

17  standing and appears to allege that Plaintiff is seeking to force Claimant to "expend her

18  limited resources in the face of the [Plaintiff's] own unlimited resources." (ECF No. 33 at

19  1-4, 2.) In light of the current posturing of this case, the passage of time, and

20  consideration of the Court's recent order in *1,106,775.00 in U.S. Currency*, *see supra*

21  footnote at pp. 2, the Court denies the Strike Motion.

22          In the June 7 Order, the Court warned Claimant that "her failure to respond

23  adequately henceforth will result in the Court striking her judicial claim." (ECF No. 27 at

24  4.) However, the Court notes that the Order did not provide a deadline for Claimant to

25  update her responses to the special interrogatories, and shortly thereafter, Claimant

26  filed her Certification Motion and requested a stay of the proceedings. (ECF No. 28.)

27  Because the Court did not rule on the Certification Motion and its June 7 Order did not

28

    [4]Claimant filed a response and Plaintiff file a reply. (ECF Nos. 33, 34.)

provide a clear deadline, Claimant will be afforded one final opportunity to cure the defects of her responses to the special interrogatories. As such, Claimant will have 15 days from the date of this order to respond to Plaintiff's special interrogatories fully and completely.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Claimant Lisa Henry's motion for certification for interlocutory appeal (ECF No. 28) is denied.

It is further ordered that Claimant's motion for a pretrial conference to expedite disposition (ECF No. 35) is denied as moot.

It is further ordered that Plaintiff's motion to strike (ECF No. 32) is denied.

It is further ordered that Claimant will have 15 days from the date this order is entered to respond to Plaintiff's special interrogatories fully and completely.

DATED THIS 8th Day of February 2022.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE